508 P.2d 529

**TEXACO, INC., Plaintiff and Appellant,**

v.

**Hugh GARDNER, dba Wholesale Gasoline Market, Defendant and Respondent.**

No. 13066.

Supreme Court of Utah.

March 30, 1973.

---

1. Crystal Lime & Cement Co. v. Robbins, 8 Utah 2d 389, 335 P.2d 624; Brasher Motor & Finance Co. v. Brown, 23 Utah 2d 247, 461 P.2d 464.

**262**

---

Golden W. Robbins, Salt Lake City, for plaintiff and appellant.

Paul N. Cotro-Manes, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiff commenced this action in the court below seeking to recover the purchase price of a railroad carload of motor oil. From an adverse judgment of the district court, the plaintiff has appealed.

For some years prior to 1965, the defendant had been a customer of the plaintiff and had made numerous purchases of motor oil from the plaintiff. During the month of June 1965, the defendant ordered two carloads of motor oil. The orders were forwarded by the plaintiff to its re-finery at Port Arthur, Texas, to be filled. One order was loaded on a Baltimore & Ohio car and the other order was loaded on a New York Central car. The two cars were billed to Salt Lake City. The cars arrived at the destination and the records of the Union Pacific Railroad Company indicate that the cars were spotted on a public siding on July 6th. At the time the cars were loaded in Port Arthur, the plaintiff obtained bills of lading from the initial carrier which it retained. The freight was prepaid by the plaintiff. The Baltimore & Ohio car was unloaded by employees of defendant, and that shipment was paid for. The dispute between the parties arises from the New York Central car which the plaintiff claims was received by the defendant and no payment made therefor.

The plaintiff called certain employees of the Union Pacific Railroad who testified that the records[1] of the railroad indicated that the two cars were sealed at the time they were spotted on the public spur on July 6th, and that on July 13th the cars were empty. An employee of the defendant who was in charge of unloading the cars testified he unloaded one car only during the period in question. The records of the defendant showed that an invoice for the shipment made on the Baltimore & Ohio car had been received but an invoice

---

1. Exhibits P–9, P–10, P–11, P–12 and P–13 purport to be records of the Union Pacific Railroad but the exhibits are ille-gible and have no value as a part of the record.

for the shipment in question could not be found. The record reveals nothing further as to the missing shipment. An employee of the plaintiff who was in charge of the shipments testified that the plaintiff reserved the right to stop the shipments in transit or to divert the same to other destinations. He also testified that he did not consider the sale complete until delivery was made.

It is the plaintiff's contention that title to the carload of oil passed when it was delivered to the carrier for shipment to the defendant. We are of the opinion that the record in this case fails to support the plaintiff's contention. The record supports the proposition that the plaintiff did not intend that the title pass until delivery was made to the defendant. The transaction we are here concerned with transpired prior to the effective date of the Uniform Commercial Code, which was adopted by the legislature in 1965. We call attention to the provisions of Section 60–2–4(3), which are as follows:

> Where goods are shipped, and by the bill of lading the goods are deliverable to the order of the buyer or of his agent, but possession of the bill of lading is retained by the seller or his agent, the seller thereby reserves a right to the possession of the goods, as against the buyer.

2. Section 60–2–2 (former sales act), U.C.A.1953; Hercules Powder Co. v.

The evidence of record fails to show that there was a meeting of the minds of the parties that title to the oil passed upon its delivery to the carrier.[2]

The finding of the trial court that the plaintiff had failed to show delivery of the oil is supported by the record, and the judgment entered in favor of the defendant is affirmed. Defendant is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

State Board of Equalization, 66 Wyo. 268, 208 P.2d 1096, 210 P.2d 824.